UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK L. EDWARDS

    Petitioner,

    v.

GARY SWARTHOUT, Warden,

    Respondent.
_____/

No. C 10-4923 PJH

**ORDER TO SHOW CAUSE**

Petitioner Mark L. Edwards, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

A jury in the Contra Costa County Superior Court convicted Edwards of evading a peace officer and causing serious bodily injury under California Vehicle Code § 2800.3, and driving under the influence causing injury under Vehicle Code § 23153(a). The jury further found two great bodily injury enhancements related to the DUI to be true. The court sentenced Edwards to a term of seventeen years imprisonment, consisting of six years for the DUI conviction, based in part on a prior "strike" offense; three years each for two great bodily injury enhancements; and five years for a prior serious felony conviction. The court also imposed a five-year concurrent sentence for the evading a peace officer conviction.

Edwards appealed to the California Court of Appeal, which affirmed his conviction and sentence on December 18, 2009. The California Supreme Court denied review on March 10, 2010.

## DISCUSSION

**A.   Legal Standard**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.   Petitioner's Legal Claims**

Edwards raises two claims for federal habeas relief, including:

 (1) that his Due Process rights were violated because the phrase "great bodily injury" as defined by California Penal Code § 12022.7 is unconstitutionally vague; and

(2)  that the Fifth Amendment Double Jeopardy Clause was violated because he was convicted and punished twice for causing the same injuries to the same people.

Liberally construed, the claims appear colorable under 28 U.S.C. § 2254 and merit an answer from respondent.

**C.   Petitioner's Request for In Forma Pauperis Status**

In view of Edwards' prisoner trust account balance, his motion for leave to proceed in forma pauperis is DENIED.  He is ORDERED to pay the five-dollar filing fee within thirty days of the date this order is entered or this case will be dismissed.  *See* Fed. R.Civ.P. 41(b).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.   Petitioner is ordered to pay the filing fee required in habeas cases.

2.   The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents.  The clerk shall also serve a copy of this order on petitioner.

3. Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

4. If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

Dated:   November 10, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge